518 A.2d 300

**COMMONWEALTH of Pennsylvania**

**v.**

**Desmond BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 25, 1986.

Filed Nov. 26, 1986.

598

James R. Protasio, Williamsport, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, HOFFMAN, and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for unlawfully dispensing controlled substances and falsifying or failing to provide material information. Appellant contends that the trial court erred in denying his motion to suppress evidence obtained through an administrative inspection warrant issued by a district justice. We find this contention to be meritless and affirm the judgment of sentence.

On April 12, 1985, appellant was arrested and charged with several counts of unlawfully dispensing controlled substances and falsifying or failing to provide material information in violation of the Controlled Substance, Drug,

Device and Cosmetic Act, 35 P.S. §§ 780–101 to 780–144. Appellant filed a pre-trial motion to suppress evidence obtained pursuant to an administrative inspection warrant on the grounds that the warrant was defective because it was issued by a district justice. His motion was denied. Appellant was convicted and sentenced to a three-to-twenty-three month term of imprisonment. He filed post-verdict motions again alleging that the warrant was defective because it was issued by a district justice. The motions were denied and this appeal followed.

Appellant contends that the trial court erred in denying his motion to suppress evidence obtained pursuant to an administrative inspection warrant. Specifically, appellant argues that the warrant was defective because it was issued by a district justice who has no authority to issue such warrants. We disagree.

The Controlled Substance, Drug, Device and Cosmetic Act provides in pertinent part that:

> Any judge of a court may, within its territorial jurisdiction, and upon proper oath or affirmation showing probable cause, issue warrants for the purpose of conducting administrative inspections authorized by this act or regulations thereunder, and seizures of property appropriate to such inspections.

35 P.S. § 780–124(d)(1). The Act defines "court" as:

> all courts of the Commonwealth of Pennsylvania including magistrates and justices of the peace.

*Id.* at § 780–102.[1]

As used in the Act, a "court" is any court of the Commonwealth, including the court of a district justice. All courts may hear applications for administrative inspection war-

1. An express reference in any statute or other law to a justice of the peace or to the office of justice of the peace shall hereafter be deemed a reference to a district justice or the office of district justice. Any person appointed or elected to judicial office in a magisterial district shall be known as and hereafter shall be commissioned as the "district justice" in and for the appropriate magisterial district.
42 Pa.S.A. § 20003(d).

rants under the Act. An administrative inspection warrant may be issued by *any judge* of a court. Thus, it follows, that when an application for an administrative inspection warrant is made to the court of a district justice, it will be a district justice who issues the warrant. Accordingly, we conclude that the administrative inspection warrant was not defective because it was issued by a district justice.

For the above-stated reason, we affirm the judgment of sentence.

Affirmed.